UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. SLOAN, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-2950-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff filed this action on December 19, 2016 (ECF No. 1) and simultaneously moved to proceed in forma pauperis (ECF No. 2). His application to proceed in forma pauperis was granted on October 3, 2017. ECF No. 7. But on August 26, 2019, defendants moved to dismiss the action, arguing that plaintiff's assertion of poverty was false. ECF No. 30. On December 19, 2019, the court recommended defendants' motion be granted. ECF No. 36. The district judge adopted that recommendation over plaintiff's objections on May 6, 2020. ECF No. 44. Now, plaintiff has filed a motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 46. Defendants have filed an opposition thereto. ECF No. 47. Plaintiff has filed a reply. ECF No. 48. For the reasons stated below, plaintiff's motion should be denied.

/////

/////

1

1 Legal Standards

2      As an initial matter, a grant of a motion to amend or alter judgment under Rule 59(e) is an

3 "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

4 resources." *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12

5 James Wm. Moore, et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)).  A motion to

6 amend or alter judgment should be granted only where a court "'is presented with newly

7 discovered evidence, committed clear error, or if there is an intervening change in the controlling

8 law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389

9 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)).

10 Analysis

11     A.    <u>Background</u>

12      When he applied to proceed in forma pauperis, plaintiff swore, under penalty of perjury,

13 that that he had received no income in the prior 12 months, had no valuable property, and had no

14 assets. ECF No. 2 at 1-2.  Plaintiff's attached prison trust fund account statement indicated that,

15 on December 1, 2016, he had received into his trust account a settlement check for $4,722.77, but

16 that the same day the entirety of that amount was debited from his account for various restitution

17 fines and other obligations. *Id.* at 3.

18      When they moved for dismissal, defendants presented evidence that plaintiff had hidden

19 assets from the court by omitting them from his application.  First, defendants pointed to an

20 August 12, 2016 settlement plaintiff had received in *Witkin v. Swarthout*, No. 2:13-cv-01931-

21 GEB-KJN.  The record in that case indicated that plaintiff agreed to settle the case for $10,625.

22 ECF No. 30-2 at 7.  Of that settlement amount, $4,700 was used to pay plaintiff's restitution

23 fines; the remainder was sent to his mother. *Id.* at 7-8, 21.

24      Second, defendants provided records indicating that plaintiff had, on November 1, 2016,

25 agreed to settle another case - *Witkin v. Solis*, No. 1:12-cv-01256-AWI-MJS – for $1,200.  ECF

26 No. 30-2 at 17.  A check for that amount issued to plaintiff's mother on January 27, 2017. *Id.* at

27 23.

28 /////

1	Third, defendants alerted the court to a January 27, 2017 "Notice of Proof of Availability
2	of Funds for Plaintiff's Deposition of Dr. B. Barnett" in *Witkin v. Lotersztain*, Case No. 2:15-cv-
3	00638-MCE-KJN.  ECF No. 30-2 at 25-27.  That filing indicated that checking and savings
4	accounts held by "the Witkin Family Trust" at Schools Financial Credit Union had $12,205.10 in
5	assets and $6,200.76 in debts (a car loan and a credit card) for the statement period of December
6	1, 2016 through December 31, 2016.  *Id.*

7	Plaintiff did not dispute the foregoing financial information.  Rather, he argued that he did
8	not have control of the foregoing settlement funds insofar as they were paid to his parents.
9	Plaintiff claimed that he "owed his parents about $44,000 borrowed for legal expenses related to
10	his incarceration and wanted to start paying them back since they weren't working anymore."
11	ECF No. 31 at 4.

12	In the findings and recommendations, the court rejected that argument as grounds for not
13	disclosing the receipt of those monies.  The court found that the redirection of settlement funds
14	from plaintiff to his parents did not discharge him of his obligation to truthfully disclose his assets
15	on the application to proceed in forma pauperis.  ECF No. 36 at 8.  It declined to excuse material
16	omissions of income or assets which were used to repay a loan and noted that allowing such
17	omissions would "eviscerate § 1915(e)(2)(A) by allowing plaintiffs to manipulate their financial
18	history by diverting income to friends and family members and then claiming to have had no
19	income at all."  *Id.* at 9.  As noted *supra*, those recommendations were adopted by the district
20	judge.  ECF No. 44.

21	B.	Argument

22	Plaintiff's arguments – largely recycled from his opposition to defendants' motion to
23	dismiss– do not persuade the court that altering or amending the judgment of dismissal is
24	appropriate.

25	First, in a pair of arguments that can only be deemed frivolous, plaintiff labels defendants'
26	successful efforts to have his case dismissed as "overzealous antics."  ECF No. 46 at 2.  He
27	asserts that defendants have: (1) placed the case into an "incoherent" state where the underlying
28	issues have been ignored; and (2) themselves defrauded California taxpayers in a manner that

3

makes his own financial omissions appear insignificant. *Id.* It is true that this case was not decided on its merits; it was dismissed due to plaintiff's misrepresentations in his in forma pauperis application. Plaintiff does not explain how that dismissal was in any way "incoherent." The second argumentative prong – that defendants have themselves engaged in financial wrongdoing – is neither legally supported nor relevant.

The remainder of plaintiff's motion is devoted to arguments previously raised in his opposition to defendants' motion to dismiss. Plaintiff argues that, insofar as his settlement payments were already earmarked for loan repayments to his parents, he was reasonable in believing that they were not "income" he needed to disclose. ECF No. 46 at 7-8. Additionally, he contends that, insofar as he was unaware of any obligation to disclose the settlement income at the time he filed his in forma pauperis application, he is, at worst, guilty of an innocent mistake. *Id.* at 3-5. The court previously rejected these arguments in its recommendations, stating:

> That plaintiff diverted this money to his mother, for whatever reason, is irrelevant. The settlement was made with *him*, to compensate *him*, and it was at *his* direction that the money was sent to his mother. While plaintiff states that he was paying his parents back, plaintiff was obligated to disclose the income and to allow the court to assess whether, including consideration of that money, he qualified for IFP status.

ECF No. 36 at 8. And with, respect to the presence of bad faith, the court found that plaintiff was an experienced litigant who had ample to time to consider how to direct the settlement funds prior to filing this action and the accompanying in forma pauperis application. *Id.* at 9-10. Thus, it was disinclined to accept his assertion that he had not acted in bad faith. *Id.* A motion to amend or alter judgment is not to be used as an opportunity to resubmit arguments that have already been rejected. *See Kilgore v. Colvin*, No. 2:12-CV-1792 CKD, 2013 U.S. Dist. LEXIS 144098, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

Nothing in the current motion meets the requirements for granting a motion to amend or alter judgment. Plaintiff has failed to point to newly discovered evidence or an intervening change in controlling law. He argues that the dismissal of his case was error, but his previously

4

1  submitted arguments fall far short of the required demonstration of "clear error." *See Smith v.*
2  *Clark County Sch. Dist.,* 727 F. 3d 950, 955 (9th Cir. 2013) ("Clear error occurs when the
3  reviewing court on the entire record is left with the definite and firm conviction that a mistake has
4  been committed.") (internal quotation marks omitted); *see also SLPR, LLC v. San Diego Unified*
5  *Port Dist.*, 2010 U.S. Dist. LEXIS 55904, 2010 WL 2349204, at *1 (S.D. Cal. Jun. 8, 2010)
6  ("[M]ere dissatisfaction with the court's order or belief that the court is wrong in its decision are
7  not adequate grounds for relief.").

Conclusion

Based on the foregoing, it is RECOMMENDED that plaintiff's motion to alter or amend judgment (ECF No. 46) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 24, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE